UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

FILED
U.S. DISTRICT COURT
09 APR 17 PM 2 34
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| UNITED RENTALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| FRANK CATANESE, ) | 09-cv- 0053 RLY-WGH |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, United Rentals, Inc., and its affiliates (collectively, "United"), by and through its undersigned attorneys, and for its Complaint for preliminary and permanent injunctive and other relief against Defendant, Frank Catanese ("Catanese"), hereby states and alleges the following:

### Nature of Action

1. This action is based on the willful breach of confidentiality clauses and non-competition provisions contained in a Confidentiality and Non-Competition Agreement ("Agreement") between United and Catanese effective August 1, 2003 (a copy of which is attached hereto), and sets forth claims for breach of contract, violation of Indiana common law and violation of the Indiana Uniform Trade Secrets Act.

### Parties, Jurisdiction and Venue

2. United is a Delaware corporation with its principal place of business in Greenwich, Connecticut. United is engaged in the business of, among other things, selling, renting and servicing merchandise, equipment and contractor supplies, to the commercial

and general public throughout the United States, including Indiana. At all relevant times hereto, United operated a branch facility in Evansville, Indiana ("Evansville Branch").

3. At all times relevant hereto and up to March 18, 2009, Catanese was a citizen of Indiana and an employee of United.

4. Jurisdiction over this matter arises under 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1367 (supplemental jurisdiction). The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The Agreement provides, in relevant part, the following:

> This Agreement shall in all respects be construed according to the laws of the State of Indiana.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391(a)(2) & (a)(3) because the confidential and trade secret information that is the subject of the action is situated in this district and because Catanese's breaches of the Agreement occurred in this district.

## General Allegations

7. At all relevant times up until March 18, 2009, Catanese was an employee of United. During the course of his employment, Catanese served as the Branch Manager of United's Evansville Branch.

8. United's Evansville Branch generates significant revenues from, among other things, the sale, rental, and servicing of equipment, and selling contractor supplies to its customers. During his employment, Catanese contributed significantly towards the revenues of the Evansville Branch. In fact, at the time of his departure, Catanese was responsible for rebuilding the Evansville Branch, including putting together the successful team that currently works out of the Evansville Branch.

9. As Branch Manager, Catanese was responsible for the day-to-day operations of the Evansville Branch, including, but not limited to, setting up rental rates, supervising sales calls, hands on customer marketing, and approving customer deals and transactions.

10. As a Branch Manager with United, Catanese had access to certain of United's trade secrets/confidential information. This material includes, but is not limited to, such things as: (1) gross sales and rental data; (2) budget processes from market areas and sales rental projections; (3) marketing plans and strategies; (4) details of contracts; (5) actual and prospective customer data, including identities of United customers (i.e., United's customer list and customer contacts); (6) pricing and discount information; (7) cost information, including special programs and discount structures negotiated with particular vendors; (8) information on the sources and nature of financing United is able to secure for its customers; and (9) fleet information, including its make-up, cost and utilization.

11. United's trade secrets and other confidential information are only shared with employees, and only to those who agree to keep it confidential.

12. None of the foregoing material discussed in paragraph 10 were known or open to the public and United undertook reasonable measures to keep the trade secrets confidential and out of the public domain.

### Catanese's Agreement

13. In order to protect its customer goodwill, confidential information, and trade secrets, United requested that Catanese enter, and Catanese agreed to enter, into the Agreement.

14. Catanese agreed to sign the Agreement that contained a proscription against divulging confidential information. Specifically, the Agreement provided, during and all times after Catanese's employment, in part, the following prohibition:

> (a) Employee will not disclose to any person or entity, without the Company's prior consent, any confidential or secret information. . . .
>
> (b) Employee will not directly or indirectly use any such information other than as directed by the Company. . . .
>
> (c) Employee will not, except in the furtherance of the business of the Company remove confidential or secret information from the premises of the Company. . . .

15. The Agreement contained the following provisions, to which Catanese agreed, that outlined and defined "Confidential information" to include, but not limited to:

> (i) business, pricing and management methods;
>
> (ii) finances, strategies, systems, research, surveys, plans, reports, recommendations and conclusions;
>
> (iii) names of, arrangements with, or other information relating to, the Company's customers, equipment suppliers, manufacturers, financiers, owners or operators, representatives and other persons who have business relationships with the Company or who are prospects for business relationships with the Company;
>
> (iv) technical information, work products and know-how;
>
> (v) cost, operating, and other management information systems, and other software and programming; and
>
> (vi) the name of any company or business, all or any substantial part of which is or at any time was a candidate for potential acquisition by the Company, together with all analyses and other information which the Company has generated, compiled or otherwise obtained with respect to such candidate, business or potential acquisition, or with respect to the potential effect of such acquisition on the Company's business, assets, financial results or prospects.

4

16. The Agreement also contained a restrictive covenant, which Catanese accepted, that restricted Catanese from competing directly or indirectly with United, anywhere within a 75-mile radius of Evansville, Indiana ("Restricted Area") during his employment and 12 months thereafter. The Agreement further provides that Catanese shall not:

(ii) solicit or accept the business of, or call upon, any person or entity who or which is or was (A) a customer, supplier, manufacturer, finder, broker, or other person who had a business relationship with the Company, or who was a prospect for a business relationship with the Company, at any time during the period of his or her employment, or (B) an affiliate of any such person;

(iii) approve, solicit or retain, or discuss the employment or retention (whether as an employee, consultant or otherwise) of any person who was an employee of the Company at any time during the 12 month period preceding the termination of Employee's employment by the Company;

(iv) solicit or encourage any person to leave the employ of the Company;

(v) own any interest in or be employed by or provide any services to any person or entity, which engages in any conduct, which is prohibited to Employee under this Section 2(a).

### Breaches/Tortious Conduct of Catanese

17. Upon information and belief, Vandco Associates LLC ("Vandco") competes directly with United for customers in the equipment rentals, sales and services industry within the Restricted Area.

18. On or about March 18, 2009, Catanese resigned his employment at United. Upon information and belief, Catanese has accepted a position with Vandco. Although the

Agreement requires Catanese to "give prior written notice to [United]" before "taking any position with any person or entity during the 12 month period following [his] . . . termination," Catanese has failed to give such notice, in breach of the Agreement.

19.  Upon information and belief, in performing services for Vandco, Catanese has used or inevitably will use the valuable trade secrets and/or confidential information of United and/or provide same to Vandco.

20.  Upon information and belief, Vandco has not taken appropriate measures to prevent the violation of Catanese's non-compete agreement or the misappropriation and disclosure of United's confidential and trade secret information.

21.  Catanese committed the acts alleged herein with knowledge that his conduct would harm the financial interest of United.

22.  Catanese committed the acts alleged herein for his own benefit and the benefit of Vandco.

## COUNT I

23.  United realleges and reincorporates herein by reference the allegations set forth in Paragraphs 1 through 23 above as though fully set forth herein.

24.  United and Catanese exchanged valuable consideration in support of the Agreement.

25.  United duly performed all of its obligations under the Agreement.

26.  Upon information and belief, Catanese has now accepted a position with Vandco. Catanese's intention to operate, participate in, or be employed by a company that directly competes with United constitutes a material breach of the non-competition provisions of the Agreement.

27. United further believes that Catanese intends to actively solicit and/or contact United's customers – inevitably utilizing United's trade secrets and/or confidential information in conjunction with his efforts.

28. Soliciting United customers following the resignation of his employment with United constitutes a material breach of the Agreement.

29. Catanese's conduct set forth in the previous paragraph further constitutes a material breach of the implied covenant of good faith and fair dealing.

30. Given his position as a Branch Manager with United, Catanese was privy to confidential information and trade secrets, which he will inevitably disclose to Vandco.

31. Upon information and belief, after leaving United, and thereafter, in violation of the Agreement, Catanese has provided, or will provide, United's competitor, Vandco, with confidential information and trade secrets, and has used, or inevitably will use, said information and trade secrets in an effort to compete with United on behalf of Vandco.

32. Catanese's conduct on behalf of his new employer, a competitor, all while using United's confidential information and trade secrets, is a material breach of the Agreement.

33. As a proximate result of Catanese's wrongful conduct, United has suffered and will suffer irreparable harm, as well as money damages insufficient to fully remedy United.

34. As a result of the foregoing activities, Catanese is liable to United for breach of contract. United has suffered, and will suffer, substantial and irreparable damages to its business and customer good will, as well as losses in an amount in excess of $75,000.00, but not yet fully ascertained, and which will be further determined according to proof.

35.  United has no adequate remedy at law for Catanese's willful breach of the Agreement, in that: (i) United's trade secrets are unique and valuable property that have no readily determinable market value; (ii) Catanese's actions constitute interference with United's goodwill and customer relations; (iii) Catanese's wrongful conduct and the damage resulting therefrom is continuing; and (iv) Catanese acknowledged in writing that a breach of the Agreement would constitute irreparable harm to United.

WHEREFORE, United prays for:

1.  A preliminary and permanent injunction, against Frank Catanese and all other persons or entities acting in concert with him or on their own behalf or participating with him as follows:

   (a) enjoining Frank Catanese from directly or indirectly using, disclosing or retaining any proprietary, confidential or trade secret information of United;

   (b) enjoining Frank Catanese from soliciting, inducing, recruiting, encouraging, assisting, advising or directing any individual who possesses or has access to United's proprietary, confidential or trade secret information to leave their employment with United;

   (c) enjoining Frank Catanese from being employed or continuing to be employed by Vandco for such a period of time as stated in his Confidentiality and Non-Compete Agreement or as necessary to ensure that Catanese does not disclose to Vandco, or use for its benefit, whether intentionally or inevitably, United's proprietary, confidential or trade secret information;

  (d) enjoining Frank Catanese from, directly or indirectly, soliciting, diverting, or accepting any business from any customer of United or seeking any such customers to refrain from doing business with United; and

  (e) enjoining Frank Catanese from taking any action to impair the goodwill or business reputation or good name of United.

2. A judgment in United's favor and against Frank Catanese for monetary damages, including, but not limited to, all amounts necessary to compensate United for Catanese's wrongful activities including United's reasonable attorney fees.

3. A judgment in United's favor and against Frank Catanese for exemplary damages for his willful and malicious conduct.

## COUNT II

36. United realleges and reincorporates herein by reference the allegations contained in Paragraphs 1 through 35 above as though fully set forth herein.

37. As a Branch Manager for United, Catanese had access to information, such as the following:

- United's confidential customer lists that are not readily ascertainable from public sources. United spent considerable time, energy and money cultivating these customers.

- United's confidential financial information and cost and profit margins. These figures are not available to the public and are held in confidence by United.

- United's cost information and discount information from certain vendors. United has been able to negotiate special terms with vendors that are not readily ascertainable by competitors and are terms that are kept in confidence by United.

- United's fleet information, including its make-up, cost and utilization. This information is not available to the public and is held in confidence by United.

9

- United's marketing plans and strategies, including United's potential satellite operations and other expansion plans.

38. The aforementioned trade secrets are not known to all United employees, nor are they known to those working in the industry. United's trade secrets were conveyed confidentially to Catanese, as necessary, in order to allow Catanese to fully carry out his job responsibilities on behalf of United.

39. United took reasonable measures to keep the trade secrets confidential. As stated above, only certain employees had access to trade secrets. Trade secret information was provided only to those who, like Catanese, agreed to keep such information confidential. Indeed, United required Catanese to sign a confidentiality agreement protecting the integrity of this information.

40. This information is highly valuable to United, and could provide United's competitors with information to challenge pricing and vendor relationships, as well as enough information to steal private customer lists.

41. United spent considerable sums of money acquiring, maintaining and guarding this information.

42. Upon information and belief, Catanese intends to solicit customers for the benefit of Vandco, using his knowledge of whom to contact, their product and service demands, and United's preferential pricing and terms.

43. Upon information and belief, Catanese has provided, or inevitably will provide, Vandco with his knowledge of those trade secrets.

44. There is a substantial threat that Catanese will continue to use and disclose United's trade secrets in an effort to acquire United's customers for the benefit of Vandco and himself personally.

45. Upon information and belief, Catanese intends to solicit customers for the benefit of Vandco and his own personal financial interest, all to the detriment of United. Such conduct constitutes the willful and malicious misappropriation of United's trade secrets.

46. Catanese's wrongful conduct is a violation of Indiana's Uniform Trade Secrets Act.

47. As a direct and proximate result of Catanese's wrongful conduct, United has suffered and will continue to suffer irreparable damages, as well as money damages insufficient to fully remedy United.

48. As a direct result of Catanese's willful conduct, United is entitled to exemplary damages and attorneys' fees.

49. Based on Catanese's unlawful acts as alleged herein, United is being, and will be, irreparably harmed in that: (i) United's trade secrets are a unique and valuable property that have no readily determinable market value; (ii) Catanese's actions constitute interference with United's goodwill and customer relations; (iii) Catanese's wrongful conduct and the damage resulting therefrom, is continuing; and, (iv) Catanese acknowledged, in writing, that a breach of the Agreement would constitute irreparable harm to United.

WHEREFORE, United prays for:

1. A preliminary and permanent injunction, against Frank Catanese and all other persons or entities acting in concert with him or on their own behalf or participating with him as follows:

(a) enjoining Frank Catanese from directly or indirectly using, disclosing or retaining any proprietary, confidential or trade secret information of United;

(b) enjoining Frank Catanese from soliciting, inducing, recruiting, encouraging, assisting, advising or directing any individual who possesses or has access to United's proprietary, confidential or trade secret information to leave their employment with United;

(c) enjoining Frank Catanese from being employed or continuing to be employed by Vandco for such a period of time as stated in his Confidentiality and Non-Compete Agreement or as necessary to ensure that Catanese does not disclose to Vandco, or use for its benefit, whether intentionally or inevitably, United's proprietary, confidential or trade secret information;

(d) enjoining Frank Catanese from, directly or indirectly, soliciting, diverting, or accepting any business from any customer of United or seeking any such customers to refrain from doing business with United; and

(e) enjoining Frank Catanese from taking any action to impair the goodwill or business reputation or good name of United.

2. A judgment in United's favor and against Frank Catanese for monetary damages, including, but not limited to, all amounts necessary to compensate United for Catanese's wrongful activities including United's reasonable attorney fees.

3. A judgment in United's favor and against Frank Catanese for exemplary damages for his willful and malicious conduct.

Respectfully submitted,

LITTLER MENDELSON, P.C.

By: /s/ *[signature]*
Alan L. McLaughlin, Atty. No. 10182-49
Michael A. Moffatt, Atty. No. 14910-49

Littler Mendelson, P.C.
A Professional Corporation
111 Monument Circle, Suite 702
Indianapolis, IN 46204
Phone: 317.287.3600
Fax: 317.636.0712
Email: amclaughlin@littler.com
mmoffatt@littler.com

*Attorneys for Plaintiff, United Rentals, Inc.*

Firmwide:89400195.1 028767.1075